UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID ALAN TAYLOR #120631,

        Petitioner,                  Case No. 2:08-cv-103

v.                                          Honorable R. Allan Edgar

PATRICIA CARUSO, et al.,

        Respondent.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on August 27, 2008. The Report and Recommendation was duly served on the parties. The Court has received objections from the Petitioner. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

In the report and recommendation, Petitioner's claims are meritless because he has no constitutional right to any particular custody classification. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976). In his objections, Petitioner claims that the Magistrate Judge overlooked his claim that his security classification was the result of retaliatory conduct by Respondents. However, claims of retaliation are properly asserted in the context of a civil rights action filed pursuant to 42 U.S.C. § 1983, and not in the context of a § 2241 action. As noted by the Magistrate Judge in the report and recommendation, Petitioner has no constitutional right to any particular custody classification. *See*

*Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S. Ct. 274 (1976). Therefore, his § 2241 petition is properly dismissed.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and Petitioner's application is DISMISSED pursuant to Rule 4.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action on initial screening is a determination that the action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a

- 3 -

certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. As noted above, Petitioner has no constitutional right to a particular security classification. Therefore, the Court will deny Petitioner a certificate of appealability.

Dated: 1/26/09 /s/ R. Allan Edgar
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE